AT CHAMBERS.—AUGUST, 1856.

## B. F. HARDY vs. THE COLLECTOR GENERAL OF CUSTOMS.

The taking of a promissory note in settlement of an account, is not a payment or extinguishment of the debt, but merely changes its form, and postpones the time for its payment ; hence, there is a subsisting indebtedness upon the note, before it arrives at maturity, sufficient to justify the Collector General, upon the creditor's request, in refusing a passport to the debtor.

CHIEF JUSTICE LEE, delivered the decision of the court as follows:
This is a case of *mandamus* against the Collector General of Customs, commanding him to appear and show cause why a writ of *mandamus* should not issue from this court, to compel him to grant a passport from this kingdom to Mr. B. F. Hardy.

The Collector General appears and makes return that he has received notice in writing of the indebtedness of said Hardy to Messrs. Wilson, Fairbanks & Co., of Boston, and a request from their attorney, Mr. B. W. Field, that he will not grant a passport to the said Hardy until the indebtedness is paid or secured.

It appears in evidence, that on the 9th of April last Dr. Hardy was indebted to Wilson, Fairbanks & Co. in the amount of $5,443, which was settled by certain promissory notes, one of which is as follows :
"Honolulu, 5th April, 1856. For value received, eight months after date, I promise to pay Wilson, Fairbanks & Co., or order, the sum of two thousand four hundred and forty-three dollars, with interest on the said sum, at the rate of one per cent. per month.

     (Signed,)                BENJAMIN F. HARDY."

It is upon this note not yet due that the alleged indebtedness arises, and upon which the attorney of Messrs. Wilson, Fairbanks & Co., bases his request to the Collector General not to grant a passport. It is argued by the learned counsel for the plaintiff, that the taking of this note in settlement of the account is a payment or extinguishment of the debt. To this doctrine we cannot accede, for the taking of a note in settlement of an account does not discharge all indebtedness, but merely changes its form. The obligation to pay the debt exists

as fully after the settlement by a note as before, and the indebtedness is not discharged till the note is paid. It is true the creditor cannot revert to the original debt, until after the note has become due, and been dishonored, and in some cases he would not even then be permitted to do so. But still the indebtedness in some form remains, either on the account or on the note. Secondly, it is contended that in no event can it be held, that an indebtedness exists on the note which was received in settlement of the account, until it has matured and been dishonored. We do not think this point a sound one, because the indebtedness did exist as much on the day when the note was given as it will on the day when it falls due. The effect of the note was simply to postpone the payment of the debt. The arrival of the day for the maturity of a promissory note does not give life to, or create, the debt for which the note was given, but simply fixes the time for the liquidation of the debt which existed from the beginning.

The simple question in this case is, is Dr. Hardy indebted on this promissory note, which will not fall due until the 5th of December next ? We think he is, and that the Collector General is right in refusing a passport, as requested by Mr. Field, until the debt is either paid or secured. The statute governing this case reads as follows : " In all ordinary cases, passports in the form established by law, but without the seal of the Hawaiian Islands, shall be issued by the Collector General of Customs in Honolulu, and by the Collectors of the several ports of entry and departure, or in case of sickness or absence, by their respective agents, to all applicants for the same, paying simply the cost of the stamp, which is one dollar, saving and excepting only to those of whose indebtedness, or implication in some pending trial or liability to punishment for infraction of law, or to private parties, or to the government, he may have received notice in writing."

In this case, there is an indebtedness to a private party, of which the Collector General has received notice in writing. But says the learned counsel for the plaintiff, we have secured this debt. We have shipped to Messrs. C. A. Heineken & Co., of Bremen, seventy bales of whale bone, weighing 5,400 lbs., on which we have effected insurance, and from the sales of which we expect to realize 75 cents per pound, amounting to $4,050, less commissions and other expenses, and have authorized Messrs. Wilson, Fairbanks & Co. to draw for two-thirds of the nett proceeds, which will pay the note for $2,443 with interest. To this it is replied, that whale bone in Bremen, at the last advices, was worth only from 50 to 60 cents per pound, and that at those rates, two-thirds of the nett proceeds would not be sufficient to pay the note. I think it would be just to compute the bone at 60 cents per pound, which would make the gross proceeds $3,240. From this deduct 10 per cent. for commissions, insurance and other expenses, together with the amount of the draft in favor of Messrs. Von Holt & Heuck, for $1,000, and we have a balance of $1,916, subject to the order of Messrs. Wilson, Fairbanks & Co., which is less than the note for $2,443 and interest, by the sum of $722 44. For this balance we think Dr. Hardy should give the attorney of Messrs. Wilson, Fairbanks & Co. security, and that until he does so, the Collector General would not be warranted in granting the passport.

The *mandamus* is refused.